IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

TERENCE SWEENEY,

      Plaintiff,

v.

GARY SMITH, et al.,

      Defendants.

CIVIL ACTION NO.
2:04-CV-0070-RWS

**ORDER**

This case comes before the Court on Defendant's Motion for Summary Judgment [81-1], Defendant's Motion to Strike Plaintiff's Second Response to Defendant's Motion for Summary Judgment [90-1], Plaintiff's Motion to Compel Discovery and Motion for Sanctions Against Defendant's Counsel for Failure to Make Disclosure as Required by Rule 26(a) [91].

As an initial matter, Defendant's Motion to Strike Plaintiff's Second Response to Defendant's Motion for Summary Judgment [90-1] is **DENIED**. Although a litigant should ordinarily seek leave to file a surreply before making

AO 72A
(Rev.8/82)

such a submission, the Court will, in this one instance, consider Plaintiff's filing. Such consideration does not, in any event, alter the resolution of Defendant's underlying motion for summary judgment.

The Court addresses the remaining motions before it through the following Order.

## **Background**

Plaintiff initiated this *pro se* civil action on April 5, 2004, claiming that thirty-five named defendants (among them, several Forsyth County judges, court personnel, and attorneys) violated his constitutional rights and the proscriptions set forth in the Racketeer Influenced and Corrupt Organizations Act ("RICO") by subjecting him to several unwarranted court proceedings and unjustified detainment. In particular, he asserted that these persons acted together to cause his "fraudulent" incarceration for disorderly conduct, criminal defamation, and contempt, and did so in retaliation for his making public accusations of misappropriation against several government and private actors. Plaintiff sought approximately $77 million in damages, as well as unspecified declaratory relief.

Acting on motions, this Court, by Order dated February 3, 2005,

dismissed thirty-two of the thirty-five named defendants based on Plaintiff's failure to serve these individuals within the time prescribed by Rule 4(m). It dismissed another two defendants from the case in a subsequent Order on similar grounds.

Those decisions left only one defendant remaining in this lawsuit: Jim Lea, an individual Plaintiff identified in his original complaint as a mail room employee at Xerox.[1] Plaintiff's initial pleading did not contain any specific allegation of wrongdoing against Mr. Lea. Upon Plaintiff's request, however, the Court permitted him to amend his complaint before ruling on Mr. Lea's first motion to dismiss, which generally asserted that Plaintiff had failed to state a claim against him. Plaintiff took that opportunity to insert into his pleading accusations that Mr. Lea, apparently as part of a conspiracy with certain public actors to retaliate against Plaintiff for making remarks critical of the local government, destroyed and/or diverted certified mail in which Plaintiff was requesting information regarding public officials under the Open Records Act. (See Am. Compl. [64] Part II, ¶¶ 23-24.)

---

[1] Mr. Lea, although likewise improperly served, did not object to the lack of appropriate service in his (first) Rule 12 motion to dismiss, which resulted in the waiver of that defense.

3

Guided by the principle that a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,]" Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), the Court sustained Plaintiff's (apparent) § 1983 claim against a second motion to dismiss by Mr. Lea.  Mr. Lea has now moved for summary judgment on that claim, pointing out what he contends are several failings in Plaintiff's proof.  For the reasons that follow, the Court concludes that Mr. Lea is entitled to summary judgment.

## Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  A court should view the evidence and any inferences that may be drawn from it in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden then shifts

to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Here, Mr. Lea has identified several grounds upon which he contends summary judgment is proper. He claims that Plaintiff has failed to show that, when allegedly engaging in the acts described in the complaint (*i.e.*, destruction and diversion of mail), he was acting "under color of state law," either individually or in concert with public officials. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ("To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. . . .") (internal quotations omitted). He argues that Plaintiff has failed to show a violation of his constitutional rights. And, expounding on an argument first made in his second motion to dismiss, Mr. Lea asserts that Plaintiff's claims are

5

AO 72A
(Rev.8/82)

barred by the applicable statute of limitations.  See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986) (Georgia's two-year statute of limitations for personal injury actions applies to claims brought pursuant to § 1983).

To be sure, many of these arguments underscore real, if not fatal failings in Plaintiff's proof in the face of a Rule 56 challenge.  The most compelling basis for entering summary judgment, however, is the absence of evidence supporting Plaintiff's underlying factual allegation that Mr. Lea destroyed or diverted mail in retaliation for his constitutionally protected speech (or for any other purpose).

Mr. Lea states unequivocally in his Declaration:

> During the entire time I have worked in the Forsyth County mailroom, I have never opened or reviewed any mail addressed to any person, other than that which is addressed to me.
>
> . . .
>
> During the entire time I have worked in the Forsyth County mailroom, I have attempted to faithfully execute my duties as a mailroom clerk.  I have endeavored [sic] deliver each piece of mail which is received in Forsyth County to the appropriate recipient.
>
> During the entire time I have worked in the Forsyth

6

> County mailroom, I have never diverted, destroyed, or otherwise interfered with the delivery of any mail to or from Forsyth County and/or Forsyth County employees.

(See Lea Decl. ¶¶ 14, 18-19.)[2]

Plaintiff has failed to come forward with any evidence that would create a genuine issue of fact respecting Mr. Lea's recollection and characterization of the occurrences in question. Rather, Plaintiff's attempt to rebut Mr. Lea's unqualified denials comprises merely the reiterated "*assert[ion]* that Defendant Jim Lea . . . willfully, deliberately and with *dolus malus*, conspired with one, or all, of the previously named defendants . . . to prevent [Plaintiff] from obtaining

---

[2] In his opposition to Mr. Lea's motion, Plaintiff emphasizes repeatedly that Mr. Lea has failed to produce any "evidence" in support of his motion for summary judgment, and that he is instead offered only an unnotarized statement. The flaw with that argument is twofold. First, as a movant who does not bear the burden of proof at trial, Mr. Lea need not support his motion with affidavits. Celotex Corp., 477 U.S. at 324 ("[A] motion for summary judgment may be made pursuant to Rule 56 'with or without supporting affidavits.'"). Second, even if some affirmative evidentiary showing was required of Mr. Lea at this stage of the proceeding, it is of no consequence that his signed statement was not sworn to before notary. Pursuant to 28 U.S.C. § 1746, "[w]herever . . . any matter is required . . . to be supported . . . by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." That was done here, and Mr. Lea's declaration may thus appropriately be considered as "evidence" in support of his motion for summary judgment. See, e.g., Lewis v. Zilog, 908 F. Supp. 931, 958-59 (N.D. Ga. 1995).

the information/documents that [he] requested by interfering with, diverting, destroying and/or signing for the certified mail (when not so authorized)[3] of one, or several, of the previously named defendants . . . preventing production of the information requested, causing a damage to [Plaintiff];" (Pl. Aff. ¶ 7 (emphasis supplied),) and certain certified mail receipts that show Mr. Lea received and signed for three pieces of mail directed to the Forsyth County Commissioners. (See Pl.'s Resp. to Def. Lea's Mot. for Summ. J. at Exs. A-C.)[4]

A litigant's "assertions" plainly are insufficient to fend off summary judgment. See Pastrana v. United States, 670 F. Supp. 954, 960 (S.D. Fla. 1987) ("Rule 56(e) does not allow a party resisting the motion to rely merely

---

[3]Mr. Lea admits signing for mail not addressed to him, "as a courtesy" to those persons for whom it was intended, but swears that he delivered such mail to the identified person(s) in the Forsyth County Government Building.

[4]Plaintiff's Exhibit "D" is a certified mail receipt indicating the correspondence which it accompanied was intended for "Restricted Delivery," but the signature on that receipt is illegible.

Plaintiff also appended to his Response brief two letters he sent directly to Mr. Lea at the Forsyth County Government building, which were returned with the notation that the recipient was "No Longer At This Address." (See Pl.'s Resp. to Def. Lea's Mot. for Summ. J. at Exs. E-F.) The Court is unaware of any obligation the law places upon Mr. Lea to accept mail addressed to the building housing the mailroom in which he works, and Plaintiff has failed to either allege or put evidence into the record showing that he suffered a harm cognizable under § 1983 related to Mr. Lea's refusal to accept his correspondence.

upon bare assertions, conclusory allegations or suspicions."). Moreover, Plaintiff has neglected to produce evidence that any of the mail shown to be handled by Mr. Lea was not in fact delivered to its intended recipients (*e.g.*, through statements by such persons that they did not receive the mail), nor does he come forward with any evidence suggesting that Mr. Lea tampered with or failed to deliver the mail entrusted to him by the Post Office or the Forsyth County Government. Particularly in light of Mr. Lea's testimony that no such tampering occurred, no reasonable jury could return a verdict for Plaintiff on the record presently before the Court. See Anderson, 477 U.S. at 248.

Plaintiff tries to avoid dismissal of his claims at this juncture by arguing that, notwithstanding the present paucity of evidence respecting Mr. Lea's alleged wrongdoing, summary judgment would be "premature." He states, in a notarized "motion to compel" that he contends meets the requirements of Rule 56(f),[5] that he served a request for production of documents on Mr. Lea but that

---

[5]Federal Rule 56(f) provides:

> (f) When Affidavits are Unavailable.
>
> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the

9

Mr. Lea objected to the request as untimely.  Cataloguing the enumerated requests he put to Mr. Lea, Plaintiff insists that had Mr. Lea responded, he would have in his possession evidence to overcome the motion for summary judgment.     Putting aside the attenuated nexus Plaintiff's discovery requests have with the existence *vel non* of any wrongdoing on the part of Mr. Lea in this case, see Johnson v. United States, 188 F.R.D. 692, 696 (N.D. Ga. 1999) ("where a nonmoving party has made no showing of specific evidence expected to be obtained through discovery and has not shown how such evidence will impact the pending summary judgment motion, a ruling on the summary judgment motion is not precluded"); Mungin v. Stephens, 164 F.R.D. 275, 278 (S.D. Ga. 1995) ("Additional time for discovery need not be granted if it does not appear plausible that the proposed discovery would yield material facts."), his request for a stay of judgment fails due to the extraordinary delay with which he sought discovery and requested a Rule 56(f) continuance.

---

> court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).

10

"Rule 56(f) is designed to 'minister[ ] to the vigilant, not to those who slumber upon perceptible rights.'" Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 45 (1st Cir. 1998) (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 989 n.5 (1st Cir. 1988)). Accordingly, "[a] party relying on Rule 56(f) must demonstrate that he exercised due diligence in pursuing discovery." Id. And, the motion itself "must be made within a reasonable time following the receipt of a motion for summary judgment"–typically "preced[ing] or accompany[ing] the response to the summary judgment motion or follow[ing] as soon as practicable thereafter." Id. at 44.

Here, Plaintiff neglected to either diligently pursue discovery or to timely file his Rule 56(f) motion. Plaintiff's request for production of documents, served over a month after Mr. Lea's motion for summary judgment was filed with the Court, was itself untimely in that it did not allow Mr. Lea the contemplated thirty days to respond within the prescribed discovery period. See L.R. 26.2A, NDGa ("Discovery proceedings must be initiated promptly so that discovery is initiated *and completed* (including the filing of answers and responses thereto) within the time limitations of the discovery track to which the

11

AO 72A
(Rev.8/82)

case is assigned.") (emphasis supplied).  Likewise, his Rule 56(f) motion (styled a motion to compel), instead of being filed concomitant with his summary judgment opposition papers, was not filed until more than two months after the underlying summary judgment motion and over a month and a half after Plaintiff had submitted his response brief.  Such procrastination in the pursuit of discovery and in seeking 56(f) relief leaves the Court unconvinced that it should delay its ruling on Mr. Lea's timely summary judgment motion.

Consequently, for all the reasons set out *supra*, Plaintiff's Motion to Compel Discovery and Motion for Sanctions Against Defendant's Counsel for Failure to Make Disclosure as Required by Rule 26(a) [91] is **DENIED**.  Defendant's Motion for Summary Judgment [81-1] is **GRANTED**.  This case is hereby **DISMISSED**.

## Conclusion

Defendant's Motion to Strike Plaintiff's Second Response to Defendant's Motion for Summary Judgment [90-1] is **DENIED**.  Plaintiff's Motion to Compel Discovery and Motion for Sanctions Against Defendant's Counsel for Failure to Make Disclosure as Required by Rule 26(a) [91] is

AO 72A
(Rev.8/82)

**DENIED**.  Defendant's Motion for Summary Judgment [81-1] is **GRANTED**.

This case is hereby **DISMISSED**.

> **SO ORDERED** this   17th   day of November, 2005.

>                              /s/ Richard W. Story
>                              RICHARD W. STORY
>                              UNITED STATES DISTRICT JUDGE